**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
RONALD D. KEEFE,                      :  CIVIL ACTION NO. 06-5122 (MLC)
                                      :
     Plaintiff,                       :  MEMORANDUM OPINION
                                      :
     v.                               :
                                      :
SUQUIN GUO, et al.,                   :
                                      :
     Defendants.                      :
                                      :
```

**COOPER, District Judge**

The plaintiff pro se, Ronald D. Keefe, brought this action in March 2006 in state court to recover damages for medical malpractice against the defendants, United States of America ("Government") and Dr. Suquin Guo. (Dkt. entry no. 1, Rmv. Not. & Compl.) The Government removed the action, and now moves for summary judgment in its favor, or in the alternative to dismiss the complaint insofar as asserted against it as being barred by the Federal Tort Claims Act ("FTCA"). (Dkt. entry no. 3.) The Court will (1) decide the motion on the papers under Federal Rule of Civil Procedure ("Rule") 78, (2) grant the motion, (3) dismiss the complaint insofar as asserted against the Government, and (4) remand the action insofar as brought against Guo to state court.

## BACKGROUND

**I.   Allegations**

Keefe, a military veteran, received cataract surgery in July 1999 from Guo at the University of Medicine and Dentistry of New Jersey ("UMD") through UMD's contract with the United States

Department of Veterans Affairs ("DVA").  (Compl., at 1; dkt. entry no. 3, Gov't Br. & Gov't Cert.; dkt. entry no. 4, Pl. Br.)  Under the contract, UMD personnel are "not . . . considered [DVA] employees for any purpose and [are] considered [UMD] employees".  (Gov't Cert., Ex. B, at 8.)  The contract further states that:

> the professional services rendered by [UMD] or its
> health care providers are rendered in its capacity as an
> independent contractor.  The Government may evaluate the
> quality of professional and administrative services
> provided, but retains no control over professional
> aspects of the services rendered, including by example,
> [UMD's] or its health care providers' professional
> medical judgment, diagnosis, or specific medical
> treatments. [UMD] and its health care providers shall be
> liable for their liability producing acts or omissions.

(Id. at 10.)

Keefe asserts that he suffers from "deminished [sic] eyesight in right eye thru neglegence [sic] during cateract [sic] operation."  (Compl., at 1.)  He alleges that he was not:

> properly informed of where or who was doing operation.
> I had asked more than once, "Where do you want me to go?
> Brooklyn or Philadelphia?  This is my vision.  I want it
> done right.["]  Was told by more than one that operation
> would be done right at V.A. hospital in East Orange.
> Was told that operation would be done by chief surgeon
> Suquin Guo, M.D.  Was hesitant but once I heard name,
> Asian-perfectionist, gave O.K. . . .  Except when told I
> had to go to [UMD] I asked why.  Was told that V.A.
> hospital didn't have what was needed for operation prep.
> At no time was I informed of procedures being contracted
> out.  Did not learn of Suquin Guo M.D. being chief
> surgeon at [UMD] till I started these procedures.

(Pl. Br., at 1.)  Keefe alleges that he "can show disfigurement done to eye by these actions," and that:

2

> Defendants corrected vision to 20/30 in right eye.  One of operation.  Due to operation now seeing double.  Corrected by contact to left eye but still impaired.  Only corrected left eye to match right eye 20/30.  Why couldn't this be done by glasses?  Asked numerous times.
>
> Since operation have been seeing double out of left eye, as well as circles around lights.  Ask why.  No response.
>
> Was plaintiff used as an example since operation took more than 4 1/2 hours for a procedure that should not of take more [sic] 30 minutes, 90 minutes with procedure problems.  Told to me by Dr. Park at Monmouth Medical Eye Clinic in Long Branch.  His attorney <u>McGreevy</u> tells me I cannot make him testify.

(Dkt. entry no. 7, 12-7-06 Aff., at 2-3 (as stated in original).)

Keefe filed an administrative claim on January 30, 2004, with the DVA.  (Gov't Cert., Ex. A.)  He alleged eye injuries, and stated, "Make me an offer enough to relocate me from these shores (America), I'm gone & thru with this matter.  Silence is golden.  No one will know."  (<u>Id.</u>)  He also asserted:

> America has done nothing for me but take.  Did <u>take</u> 4 yrs of my life under false pretenses: freedom.
>
> Did <u>take</u> 30 yrs of taxes under false pretenses: freedom.
>
> Did <u>take</u> my three children, when court was told children want to be with their father, not their mother.  Haven't seen children in 18 yrs, and they live approx. 10 miles from me.
>
> Did <u>take</u> all my assets that I alone achieved, except for children.
>
> Did <u>take</u> my sanity, for what I think [am I allowed to think in this so called free republic] was the educated couldn't handle someone with an 8th grade education coming before them and mocking and ridiculing court.  Can enlighten you on this matter.  Or, should I say, court proceedings.
>
> Did <u>take</u> my vision in right eye knowing and willing, knowing what they (doctors) were doing was wrong.

3

>     Hope to here [sic] from you . . . on a positive note.
>     Karma?

(Id. (as stated in original).)

The DVA denied the claim on August 20, 2004 ("Denial"). (Gov't Cert., Ex. C.)  The DVA acknowledged that the claim arose from conduct occurring in July 1999 and – although absent from Keefe's allegations — on November 30, 2001.  (Id.)

**II.  Motion**

The Government argues that the claim asserted against it is barred under the FTCA, as (1) the surgery was performed by an independent contractor for the DVA — i.e., a UMD-affiliated doctor — and not a federal employee, and (2) Keefe failed to file an administrative claim within the two-year limitations period, and did not bring an action within six months of the Denial. (Gov't Br., at 1-2.)

Keefe asserts the following in response to the Government's motion, which the Court presents with some editing:

>     To help my cause, I've enclose [sic] previous court
>     actions I let lapse.  Believe these actions were sent
>     down to Trenton.  Was suppose [sic] to be heard before
>     Judge Brown.  When Judges [sic] legal advisor called me
>     asking what I wanted, I said my children.  Was told we
>     can't do that.  We talk a little.  Then he says you can
>     take the money and hire an attorney.  Pardon the English.
>     Is this what you do?  You f**k the people.  Then I f**k
>     the people.  Then I hire one of your cronies who is
>     f**king me.  You people are sick.  I want my children.
>     Not the money.  I've always made my own money, hung up.
>     Was under the impression these actions would get me my
>     children.  Who had told probation, who had told judge.

> The children want to be with their father, <u>not</u> their mother. Will further elaborate if request. Will tell jurors.
>
> I dismissed myself from both . . . [indiscernible portion] . . . for I accused them of contributing to this wrong, instead of correcting it. All I heard was I got 30K, I got 50K, I got 80K, etc. etc.
>
> So take these expired papers and once again enact all so all is heard in federal court. So maybe then I'll recieve [sic] trial by jury, which is my constitutional right. Which no matter what I did in this lower court in Freehold, NJ, I could not achieve. Must I remind you. It's what I want. Not what the courts want.
>
> Can prove I'm incompetent.
>
> I want Family Court abolished. Repeal Ammendment [sic] order is what I want. This is an illegal court. All was done by this court.
>
> If jurors cannot order this, they should decide how I should be compensated.
>
> P.S. There was also a matter of putting an office[r] in a head lock. Officer . . . perjured himself. Had 2 witnesses with me. Pool attorney . . . would not subpeona [sic]. Got 6 month sentence. Denied appeal. America has done nothing for this vet except take. Took 4 years (U.S.A.F.) under false pretenses - freedom. Took 30 years of taxes [under false pretenses - freedom]. Taken my children, taken my assets, taken my sanity. Now taken vision in one eye. Yeah, I'll cease when I get back what I've invested (sound familiar?) under false pretenses - freedom. I have a tendacy [sic] to repeat myself. I have a mental problem.
>
> I demand this action be heard on the federal level.
>
> Addressed lower court that if I lose, everybody loses.
>
> I will kill each and everyone of you, but, I <u>will</u> <u>not</u> take a life.
>
> Your favorite expression, get a life. That's just what you are going to have to do.

(Pl. Br., at 2-4.)

5

The Government, in reply, argues that Keefe fails to address the legal issues raised in the motion, and points out Keefe's foul and threatening language. (Dkt. entry no. 5, Gov't Reply.)

Keefe, in response to the Government's reply, asserts:

> I start with the Tort Claims Act. I had submitted this claim to V.A. Brooklyn Office. Was offered $2500.00. Did not follow up for I was legally advised that I must accept time for doctors to correct. When drs. did not correct and all that followed I then filed this complaint. If I must (mandatory) file a tort claim first please now accept this as a motion of stay till I achieve this formality, if is formal way.
>
> . . . First operation was performed at the V.A. hospital. Since I was under V.A. hospital's roof at time of first operation, this has the United States of America as the defendant, which is claimed.
>
> Second operation was done at [UMD] which also allows plaintiff to file complaint against [UMD] at a later date.
>
> My complaints are that I have every right to show what caused plaintiff to be at V.A. hospital rather is private sector being under care by someone like Dr. Park, who is mentioned in complaint. Who at time of exam was at Monmouth Medical Eye Clinic, for those financially handicapped, who I can still call to court, for he was donating time at Mon. Med. Hospital. Even if he doesn't appear, his evaluation has to be available to plaintiff.
>
> As far as the use of foul language, plaintiff was only quoting a previous verbal encounter with this court.
>
> In response to [the Government attorney's] false accusations of making death threats, [that attorney] has to know better in what was meant.
>
> . . . [P]lease inform [the Government's attorney] that next time . . . please do not be so juvenile.

(Dkt. entry no. 6, 2-23-07 Pl. Reply, at 1-2.)

**DISCUSSION**

**I.   Addressing Government's Motion**

The Court will address the motion under Rule 12(b)(1) for lack of subject matter jurisdiction — and not Rule 56 for summary judgment — as the Government raises jurisdictional issues. See Medina v. City of Phila., 219 Fed.Appx. 169, 171-72 (3d Cir. 2007) (stating district court properly analyzed Government's motion under Rule 12(b)(1), as issues of presentment and limitations period under FTCA are jurisdictional); Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997) (affirming judgment analyzing motion for relief under FTCA due to tortfeasor's independent-contractor status under Rule 12(b)(1), as it concerned subject matter jurisdiction);[1] Smith v. Steffens, 429 F.Supp.2d 719, 720-21 (E.D. Pa. 2006) (addressing motion for relief under FTCA due to independent-contractor status under Rule 12(b)(1)); see also Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996) (affirming order analyzing motion under Rule 12(b)(1), as "[w]here the challenged conduct in an FTCA action was performed by an independent contractor, the district court must dismiss the action for want of subject matter jurisdiction"); Tsosie v. United States, 452 F.3d 1161, 1163 (10th Cir. 2006) (same).

---

[1] The Norman district court stated that although the Government sought relief under Rule 56, "the proper practice is to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) for purposes of the FTCA." No. 95-4111, 1996 WL 377136, at *1 n.3 (E.D. Pa. July 3, 1996).

The Court may look beyond the pleadings in deciding the Government's motion to dismiss the complaint based on lack of jurisdiction under the FTCA.  See Medina, 219 Fed.Appx. at 172; Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000).

## II.  Independent Contractor

A plaintiff is precluded from bringing an action against the Government to recover damages for the negligent conduct of an independent contractor or the contractor's employee.  United States v. Orleans, 425 U.S. 807, 814 (1976); Logue v. United States, 412 U.S. 521, 528 (1973); Norman, 111 F.3d at 357; see 28 U.S.C. § 1346(b)(1) (stating Government only liable for personal injury caused by negligence of Government employee while acting within scope of office or employment); 28 U.S.C. § 2671 (excluding contractor from definition of government employee).

The DVA had no power "to control the detailed physical performance" of UMD or its personnel under the contract.  Norman, 111 F.3d at 357.  UMD and its personnel were independent contractors.  Thus, the Court will grant the motion to the extent that it seeks dismissal of the complaint insofar as asserted against the Government based on the alleged medical malpractice of Guo and UMD.

## III. Exhausting Remedies

A plaintiff must file an administrative claim with the Government within two years of an alleged tortious act, and then

bring an action within six months of its denial.  28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2.  These requirements are "unambiguous," McNeil v. United States, 508 U.S. 106, 111 (1993), and "jurisdictional and cannot be waived."  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Keefe — even if the Court recognizes the reference in the Denial to conduct occurring on November 30, 2001 — failed to comply with these unambiguous, jurisdictional prerequisites.  He filed an administrative claim on January 30, 2004, more than two years after November 30, 2001.  Even if the administrative claim had been timely filed, he brought this action in March 2006, more than six months after the Denial was issued on August 20, 2004.  Thus, the Court will grant the motion to the extent that it seeks dismissal of the complaint insofar as it may be construed as being asserted against the Government based on the Government's own negligence.

**IV. Guo**

The action insofar as brought against Guo will be remanded to state court because it seeks to recover damages for medical malpractice, and thus is based on state law.  The Court declines to exercise jurisdiction over it.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999).

**CONCLUSION**

The Court will (1) grant the motion, (2) dismiss the claim asserted against the Government, and (3) remand the action insofar as asserted against Guo.  The Court will issue an appropriate order and judgment.

                                               s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge